IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN BENSON TROUP, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:21-CR-00215-SCJ-CMS-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:22-CV-03757-SCJ-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Franklin Benson Troup, formerly confined at Federal Prison Camp Montgomery in Montgomery, Alabama, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] (Doc. 14). Respondent filed a response. (Doc. 20). Movant's motions for leave to amend attachments 1 and 2 (Docs. 25, 26) are **GRANTED**, and the Court will consider these exhibits in conjunction with Movant's other filings.

---

[1] According to records from the Bureau of Prisons, Movant was released on August 12, 2024. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 13, 2024) (register number 50942-019). However, this case is not moot because Movant's criminal convictions have continuing collateral consequences, and Movant seeks to have those convictions overturned. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998); (Doc. 14 at 12). Thus, this Court has jurisdiction over this case. The Clerk is **DIRECTED** to update Movant's address to the following: 7050 Wade Rd, Austell, GA 30168. (*See* Doc. 30 at 11).

For the reasons stated below, it is **ORDERED** that Movant's motions for hearing (Docs. 22, 24) be **DENIED**, and it is **RECOMMENDED** that the instant motion to vacate (Doc. 14) be **DENIED**.

I. **BACKGROUND**

In 2021, Movant, pursuant to a plea agreement, pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams or more of cocaine (Count 1), in violation of 21 U.S.C. § 846, and money laundering (Count 2), in violation of 18 U.S.C. § 1956(h), and he was sentenced to a total active term of 96 months of imprisonment. (Doc. 2-1; Doc. 11). Movant did not file a direct appeal. (Doc. 20 at 3).

In 2022, Movant filed the instant § 2255 motion. (Doc. 14). In his motion, Movant raises the following claims:

(1) Movant received ineffective assistance of counsel when counsel failed to advise him of his right to indictment by a grand jury;

(2) Movant received ineffective assistance of counsel when counsel failed to advise him of the elements necessary to support his conviction as established by *Ruan v. United States*, 597 U.S. 450 (2022);

(3) The Controlled Substances Act is unconstitutional;

(4) Movant's sentence cannot be longer than one year because Movant was charged in an information rather than indictment;

(5) Venue was proper only in the Southern District of Florida;

(6) The Court calculated Movant's sentence under the incorrect Guideline;

2

(7)   Movant's conviction was a misdemeanor rather than a felony, and thus, his sentence was limited to only one year of imprisonment;

(8)   The forfeiture order violated Movant's due process rights;

(9)   Movant did not engage in concealment, and his money laundering conviction is therefore improper; and

(10)   The statute of limitations barred Movant's prosecution.

(*Id.* at 3; Doc. 14-1 at 2–32).

## II.   DISCUSSION

*A.   Claim 1*

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors,

3

the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

In Claim 1, Movant argues that he received ineffective assistance of counsel when counsel failed to advise him of his right to indictment by a grand jury. (Doc. 14-1 at 2–7). He contends that the "record is devoid of any evidence" that Movant was advised of his right to indictment by a grand jury. (*Id.* at 4). However, Movant's assertion is flatly contradicted by the record. In particular, on June 2, 2021, Movant signed a Waiver of Indictment stating the following:

> I, Franklin Benson Troup, the above named defendant, who is accused of conspiracy to distribute controlled substances and conspiracy to commit money laundering, being advised of the nature of the charge, the proposed information, and of my rights, hereby waive in open court on June 2, 2021, prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

(Doc. 3). In addition, at Movant's plea hearing, Movant verified in open court with the prosecutor that he had signed the Waiver of Indictment. (Doc. 17 at 3). The Court also personally confirmed with Movant that he understood that he had the right to be charged in an indictment issued by a grand jury and that he was freely and voluntarily giving up that right. (*Id.* at 6, 7). The Court further confirmed with Movant's counsel that he was satisfied that his client was "knowingly and

4

voluntarily and intelligently waiving his right to be indicted by the grand jury." (*Id.* at 8). Because the record shows both that Movant knew he was giving up right to be indicted by a grand jury and that counsel had advised him of that right, Movant has not shown neither deficient performance nor prejudice, and counsel was consequently not ineffective. *See Khan*, 928 F.3d at 1272. Thus, Movant is not entitled to relief as to this claim.

B.  Claim 2

In Claim 2, Movant argues that he received ineffective assistance of counsel when counsel failed to advise him of the elements necessary to support his conviction as established by *Ruan v. United States*, 597 U.S. 450 (2022). (Doc. 14 at 7–19). He contends that under *Ruan*, an essential element of proving a violation of 21 U.S.C. § 841 is that a defendant knew that his drug distribution was not authorized by law. (*Id.* at 5).

However, Movant's claim fails. As an initial matter, *Ruan* was issued after Movant was convicted, and it is axiomatic that counsel cannot be ineffective for failing to anticipate changes in the law. *See Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013) (ruling that "it generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision"); *Spaziano v. Singletary*, 36

F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (brackets and internal quotation marks omitted)). In any event, *Ruan* is inapposite to Movant's situation, as Movant has made no colorable showing that he was authorized to distribute drugs. *See Ruan*, 597 U.S. at 457 (holding that "once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner."). As a result, counsel was not ineffective, and Movant is not entitled to relief on this claim.

C. *Claims 3–10*

"As a rule, sentence appeal waivers, made knowingly and voluntarily, are enforceable." *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 1771 (2023). To enforce an appeal waiver, the Government must show that "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020) (brackets and internal quotation marks omitted). "Significantly, a waiver of appellate rights applies not only to frivolous

claims, but also to difficult and debatable legal issues." *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016).

"A plea agreement is, in essence, a contract between the Government and a criminal defendant. Like any contract, a plea agreement must be construed according to the intent and reasonable expectation of the parties." *King*, 41 F.4th at 1367 (citation and internal quotation marks omitted). A court must "interpret the language of a plea agreement according to its plain and ordinary meaning." *Boyd*, 975 F.3d at 1190.

In Claims 3–10, Movant raises a laundry list of claims for relief. However, all of these claims are barred by Movant's appeal waiver. In his plea agreement, Movant agreed to the following:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court.

(Doc. 2-1 at 12–13).

At his plea hearing, the Government described the appeal waiver in the plea agreement that Movant had signed. (Doc. 17 at 13–14). The Court also explained the significance of the appeal waiver to Movant and confirmed that Movant was freely and voluntarily giving up his right to appeal:

7

> Q. But in your case, now, listen up closely. You are giving up your right to appeal. You understand you are waiving your right to appeal your sentence unless there is an upward departure or upward variance above the Guidelines by the Court or an appeal by the Government or a claim of ineffective assistance of counsel filed by you.
>
> A. Okay, yes.
>
> Q. Also, do you also understand you are giving up your right to collaterally attack your conviction and sentence in any post-conviction proceeding?
>
> A. Yes.
>
> Q. Has anyone used any force or threat of force to get you to give up your right to appeal your sentence or conviction?
>
> A. No.
>
> Q. Other than the plea agreement has anyone made a promise to you that caused you to give up your right to appeal your sentence or conviction?
>
> A. No.
>
> Q. Are you giving up your right to appeal freely and voluntarily?
>
> A. Yes.

(*Id.* at 23–24).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because Movant "made statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (internal quotation marks omitted). Movant has not shown that his statements were

false, and consequently, the appeal waiver is valid and enforceable. *See King*, 41 F.4th at 1367; *Boyd*, 975 F.3d at 1190. As a result, because these claims are barred by Movant's appeal waiver, Movant is not entitled to relief on these claims.[2]

Finally, Movant filed two motions for hearing. (Docs. 22, 24). However, because Movant is not entitled to relief on any of his claims, Movant's motions for hearing (Docs. 22, 24) are **DENIED**.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right

---

[2] Even if these claims were not subject to Movant's appeal waiver, Movant would not be entitled to relief on these claims because they are procedurally defaulted. *See Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) ("A defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." (brackets and internal quotation marks omitted)); *see also Lynn v. United States*, 365 F.3d 1225, 1243 (11th Cir. 2004) (explaining that "the procedural default rule does not depend on whether a movant never filed a direct appeal or appealed but raised different issues").

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV. **CONCLUSION**

For the reasons stated above, it is **ORDERED** that Movant's motions for hearing (Docs. 22, 24) be **DENIED** and motions for leave to amend attachments 1 and 2 (Docs. 25, 26) be **GRANTED**, and it is **RECOMMENDED** that the instant

motion to vacate (Doc. 14) be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 14th day of August, 2024.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE