IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANKLIN BENSON TROUP,** | **CRIMINAL ACTION FILE** |
| Movant, | No. 1:21-CR-0215-SCJ |
| v. | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE** |
| Respondent. | No. 1:22-CV-3757-SCJ |

## ORDER

The matter is before the Court for consideration of the Report and Recommendation (R&R), Doc. No. [31], in which the Magistrate Judge recommends that Movant Franklin Benson Troup's pro se 28 U.S.C. § 2255 motion to vacate, Doc. No. [14], be denied and that Movant be denied a certificate of appealability. Movant has filed objections to the R&R, Doc. Nos. [33], [34]. Having reviewed the record in light of Movant's objections, this Court agrees with the Magistrate Judge that the § 2255 motion must be **DENIED**.

## I. Background

On June 2, 2021, Movant pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute at least 500 grams or more

of cocaine and one count of money laundering.  Doc. No. [2]; Doc. No. [11] at 1.  This Court sentenced him to a total of 96 months' imprisonment.[1]

Movant then filed the instant § 2255 motion.  After requiring a response from the Government, the Magistrate Judge reviewed Movant's claims and determined that Movant is not entitled to relief.  Specifically, the Magistrate Judge determined that (1) Movant's claim of ineffective assistance of counsel in Ground 1[2] was affirmatively contradicted by the record, (2) Movant failed to establish ineffective assistance of counsel in Ground 2, and (3) Movant's claims in Grounds 3 through 10 were barred by the appeal waiver in his plea agreement, and, alternatively, procedurally defaulted.

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo

---

[1] Movant was released from imprisonment on August 12, 2024, and is presently serving a term of supervised release.  See Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/, searching for "50942-019" (last visited Sept. 13, 2024).

[2] The § 2255 motion does not clearly enumerate the grounds for relief raised or present Movant's claims in separate, numbered paragraphs as required by Fed. R. Civ. P. 10(b).  For the sake of consistency and clarity, this Court will refer to Movant's claims using the Magistrate Judge's enumerations in the R&R.  See Doc. No. [31] at 2-3.

basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

As an initial matter, the Court notes that Movant's objections are fifty pages in length and that Movant has filed an additional eighteen-page "request" to "take judicial notice," in which he further argues the merits of his claims for § 2255 relief. At no point did Movant seek or obtain leave of Court to exceed the twenty-five-page limit for objections.[3] A motion to exceed page limits must be filed separately and before the subject document, and the party seeking to exceed page limits must demonstrate good cause to do so, which Movant has not established.

With regards to the merits of Movant's objections, Movant largely reargues his underlying claims while repeatedly asserting in conclusion that "[t]he R&R is

---

[3] This Court has held that the twenty-five-page limit set forth in L.R. 7.1(D) (N.D. Ga.) applies to objections to a magistrate judge's report. See, e.g., Wallace v. Ga. Power Co., No. 4:16-CV-118-HLM-WEJ, 2017 WL 4422355, at *1 (N.D. Ga. June 26, 2017) ("The Court applies the provisions of Local Rule 7.1(D) to Objections."); Daker v. Keaton, No. 1:16-CV-03745-SDG, 2023 WL 5529757, at *8 (N.D. Ga. Aug. 28, 2023); see also L.R. 72(E) (N.D. Ga.).

3

misplaced." See generally Doc. No. [33]. Few of Movant's objections are directly responsive to any of the findings of fact or conclusions of law made by the Magistrate Judge. Such general objections are insufficient to carry Movant's burden in objecting to the R&R. See, e.g., Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").

Movant first objects that the Magistrate Judge erred in concluding that the record belied his claim in Ground 1 that his counsel was ineffective for failing to advise him of his right to indictment by grand jury. However, the Magistrate Judge correctly found that this assertion is "flatly contradicted by the record" where Movant signed a Waiver of Indictment stating that he had been advised of his rights and personally testified before this Court that he understood he had a right to indictment by grand jury and that he was waiving that right freely and voluntarily. See Doc. No. [31] at 4-5; Doc. No. [3]; Doc. No. [17] at 3, 6-7; see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

Movant further objects that the Magistrate Judge erred in concluding that he failed to establish ineffective assistance of counsel in Ground 2 based on counsel's failure to advise him of the elements necessary to support a 21 U.S.C. § 841 conviction

4

under Ruan v. United States, 597 U.S. 450 (2022).  Contrary to Movant's repeated contentions, the Magistrate Judge correctly determined that the Supreme Court's decision in Ruan is not relevant to this case and does not represent any change in the controlling law as it pertained to Movant.  In Ruan, the Supreme Court held that § 841's "knowingly or intentionally" mens rea applied to the "[e]xcept as authorized" clause such that when a defendant "meet[s] the burden of producing evidence that his or her conduct was 'authorized'" within the meaning of the statute, "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unreasonable manner."  See Ruan, 597 U.S. at 457.  As the Magistrate Judge explained, Movant was not a doctor or medical professional, and he "has made no colorable showing that he was authorized to distribute drugs" within the meaning of § 841.  Doc. No. [31] at 6.

With respect to Ground 3, Movant objects that his "indictment" was defective for failing to name a "doctor, physician, or pharmacist" and "charge" violations of 21 C.F.R. §§ 1306.03(a), 1306.03(b)(1), and 1306.04(a) in connection with the §§ 841 and 846 offense.  See Doc. No. [33] at 9-15.  Movant also raises for the first time in his objections that the Government engaged in prosecutorial misconduct and "defrauded" the grand jury by "withholding" the abovementioned "exculpatory regulations."  See Doc. No. [33] at 16-26.  These claims relate to Movant's contentions

in Ground 3 of the original § 2255 motion that §§ 841 and 846, when read in conjunction with 21 C.F.R. §§ 1306.03(a), 1306.03(b)(1), and 1306.04(a), apply only to the distribution of controlled substances by medical professionals or their employees or agents by writing prescriptions, and that §§ 841 and 846 do not apply to "non-registrants" such as Movant.  <u>See</u> Doc. No. [14-1] at 7-19; Doc. No. [33] at 9-26.

The Magistrate Judge construed Movant's claim in Ground 3 as one that the Controlled Substances Act was unconstitutional.  Movant does not adequately address the Magistrate Judge's determinations that Grounds 3 through 10 are barred by the valid and enforceable appeal waiver contained in his plea agreement, and, alternatively, that Grounds 3 through 10 are procedurally defaulted based on Movant's failure to raise them on direct appeal.  <u>See generally</u> Doc. No. [33] at 16-49.  Instead, Movant objects generally that "[t]he R&R is misplaced" when it stated that appeal waivers are enforceable if made knowingly and voluntarily and proceeds to reiterate at length the underlying merits of his Grounds 3 through 10.  <u>See</u> <u>id.</u>

The Court agrees with the Magistrate Judge that Movant's testimony at his change-of-plea hearing establishes that he waived his appellate rights and collateral attack rights knowingly and voluntarily, and that Grounds 3 through 10, including any claims of defective indictment and prosecutorial misconduct, are barred by the valid appeal waiver.  <u>See</u> Doc. No. [2-1] at 12-13 (waiving Movant's right to collaterally

attack his conviction and sentence in any post-conviction proceeding on any ground except that his counsel rendered constitutionally ineffective assistance); Doc. No. [17] at 13-14, 23-24; United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (holding that an appeal waiver will be enforced if it was made knowingly and voluntarily). Alternatively, the Court further agrees with the Magistrate Judge that, even if Grounds 3 through 10 were not barred by the appeal waiver, they are procedurally defaulted because Movant did not present them on direct appeal. See Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge."). The fact that Movant voluntarily waived his appellate rights is not cause to overcome the procedural default. See Lynn v. United States, 365 F.3d 1225, 12 (11th Cir. 2004) (per curiam) ("[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented him or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to his own conduct.").

**IV. Conclusion**

For the reasons stated, Movant's objections, Doc. Nos. [33] and [34], are **OVERRULED**, the R&R, Doc. No. [31], is **ADOPTED** as the order of the Court, and

the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [14], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:22-CV-3757-SCJ.

The Court further agrees with the Magistrate Judge that Movant has not met the standard of 28 U.S.C. § 2253(c)(2), and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 13th day of September, 2024.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**